ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Aug-26  14:03:43
60CV-22-4786
C06D16 : 15 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**DONNIE GATES**                                              **PLAINTIFF**

**V.**                              **NO. 60CV-22-4786**

**FIRST ORION CORP.**                                        **DEFENDANT**

### ANSWER

Defendant, First Orion Corp. ("First Orion"), by and through its attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., and for its Answer to Plaintiff's Complaint, states:

### I.   INTRODUCTION

1.      Plaintiff's statements concerning the nature of the case are conclusions of law for which no affirmative response is required. To the extent a response is required, First Orion denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### II.   PARTIES

2.      First Orion admits that, according to its records, Plaintiff is a resident of Lonoke County, Arkansas. First Orion denies any remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.      First Orion admits it is a foreign corporation registered in Arkansas with its principal place of business located in Pulaski County, Arkansas. First Orion denies any remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

### III.   JURISDICTION AND VENUE

266385                                   1 of 15

4.     Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no answer is required.

5.     Paragraph 5 of Plaintiff's Complaint contains legal conclusions to which no answer is required.

6.     Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no answer is required.

7.     Paragraph 7 of Plaintiff's Complaint states conclusions of law with respect to jurisdiction for which no affirmative response is required. First Orion denies that Plaintiff is entitled to recover any damages.

IV.     FACTUAL ALLEGATIONS

8.     First Orion admits that, at or near the time of hiring, Plaintiff was presented with an agreement entitled: Proprietary Information and Inventions Agreement **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT** which Plaintiff signed on June 15, 2019. First Orion denies any other allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     First Orion admits that it employed 50 or more employees who had 20 or more work weeks in 2021 but denies that this is relevant to any of the allegations in Plaintiff's Complaint and denies any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     First Orion admits that it employed 50 or more employees who had 20 or more work weeks in 2022 but denies that this is relevant to any of the allegations in Plaintiff's Complaint and denies any remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     First Orion admits that it employed 50 or more employees within 75 miles of the location where Plaintiff primarily performed his duties for First Orion but denies that this is

relevant to any of the allegations in Plaintiff's Complaint and denies any remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     First Orion denies the allegations contained in Paragraph 12 of Plaintiff's Complaint as Plaintiff became employed by First Orion effective June 17, 2019.

13.     First Orion admits that, according to its records, Plaintiff was 59 years old when he was hired by First Orion on June 17, 2019. First Orion is without sufficient information to admit or deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14.     Plaintiff electronically signed <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT** on June 15, 2019, with tracking and an audit report of this signature has been provided to Plaintiff and his counsel prior to the filing of this Complaint. First Orion denies any other allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     First Orion is without sufficient information to admit or deny whether Plaintiff has a recollection of signing any non-competition agreement and therefore denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Further, tracking and an audit report of this signature has been provided to Plaintiff and his counsel prior to the filing of this Complaint.

16.     First Orion agrees with Plaintiff's statement in Paragraph 16 that he did sign an agreement entitled <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT.** First Orion denies any remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     First Orion denies the allegations contained in Paragraph 17 of Plaintiff's Complaint. Plaintiff signed an agreement that was entitled on the top of the first page: <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT.**

18.     First Orion denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and denies making any false representations and denies fraudulently inducing Plaintiff to sign this or any other agreement. Further, Plaintiff includes no facts in his Complaint supporting an allegation of fraudulent inducement with sufficient particularity to comply with Arkansas Rules of Civil Procedure Rule 9(b) and First Orion will be filing a motion to dismiss this allegation and claim.

19.     First Orion denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     First Orion denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     First Orion admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     First Orion admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     First Orion admit it paid Plaintiff a base salary twice per month and commission monthly. First Orion denies any remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     First Orion admits that the Compensation Incentive Plan may be revised annually and states that the Compensation Incentive Plan applicable to Plaintiff was the same for 2021 and 2022 and calculated commission based on both estimated contract value and actual amount paid

by the customer with reconciliation of commissions occurring monthly. First Orion denies any remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     First Orion denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     First Orion admits that Plaintiff was a successful salesperson for First Orion and denies any remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     First Orion admits that Plaintiff was a successful salesperson for First Orion and denies any remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     First Orion denies the allegations contained in Paragraph 28 of Plaintiff's Complaint as Plaintiff had to be disciplined for his workplace behavior which eventually led to his termination.

29.     First Orion admits that Plaintiff was a successful salesperson for First Orion and denies any remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     First Orion denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     First Orion employed persons younger and older than Plaintiff in 2021 and 2022 and denies any remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 32 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion[1] and therefore denies same.

---

[1] While Plaintiff did provide First Orion a copy of an unredacted draft Complaint prior to filing, it is unclear if the filed Complaint is the same version provided as only a redacted copy was served on First Orion.

33.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 33 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

34.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 34 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

35.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 35 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

36.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 36 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

37.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 37 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

38.     First Orion is without sufficient information to admit or deny any allegations contained in paragraph 38 of Plaintiff's Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

39.     First Orion denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     First Orion admits that Plaintiff was removed from a supervisory role in October 2021 due to his workplace behavior at that time and at other times during his employment with

First Orion but denies any wrongdoing and any remaining allegations in paragraph 40 of Plaintiff's Complaint.

41.     First Orion denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     First Orion denies any allegations of wrongdoing contained in Paragraph 42 and affirmatively states that the CEO of First Orion is not a comparator of Plaintiff.

43.     First Orion admits that Plaintiff received certain options in connection with his employment as stated in Paragraph 43 of Plaintiff's Complaint.

44.     First Orion admits that Plaintiff's stock options were partially vested and a portion of the Plaintiff's stock options were to fully vest on or about June 17, 2022, and that Plaintiff was extended the opportunity to remain employed through such date so his stock options would fully vest, and Plaintiff declined that offer. First Orion denies any remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     First Orion admits Plaintiff, who was an at-will employee, was terminated on June 2, 2022, but denies any wrongdoing related to this termination and denies any remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     First Orion admits that Plaintiff was a successful salesperson but denies that Plaintiff had no employment issues at the time of his termination and denies any remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     First Orion denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     First Orion admits it requested that Plaintiff meet with its Chief Legal Officer and head of Human Resources so that he could be offered a continued period of employment and a

generous severance but denies that this was required and denies any remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     First Orion offered Plaintiff a continued period of employment and a generous severance in consideration for signing a Separation Agreement and Release of Claims but denies that it demanded Plaintiff execute anything and it was Plaintiff's choice to reject the Separation Agreement and Release, which he did, and denies any remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     First Orion states that the Separation Agreement and Release of Claims speaks for itself and denies that it was "one-sided" with "adhesive provisions" and denies any remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     First Orion denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     First Orion denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     First Orion states that Exhibit B speaks for itself and denies any implication of wrongdoing by First Orion and denies any remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     First Orion states that Exhibits C and D speak for themselves and that there was no wrongful effort to induce Plaintiff to sign the Separation Agreement beyond responding to Plaintiff's questions and demands and denies any remaining allegations contained in Paragraph 54 of Plaintiff's Complaints.

55.     First Orion admits it provided a copy of the Proprietary Information and Inventions Agreement **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS**

**AND NON-COMPETITION AGREEMENT** that Plaintiff signed at the time of his hiring and reminded Plaintiff of his obligations under that agreement but denies any wrongdoing and any remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     First Orion states that Exhibit E speaks for itself. To the extent there are any allegations against First Orion contained in Paragraph 56 of Plaintiff's Complaint, those allegations are denied.

57.     First Orion states that Exhibit F speaks for itself. To the extent there are any allegations against First Orion contained in Paragraph 57 of Plaintiff's Complaint, those allegations are denied. [2]

58.     First Orion denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     First Orion denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     First Orion denies that it failed to pay any wages due to Plaintiff as commissions owed are reconciled monthly and no amount is due and owing to Plaintiff at this time and denies any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint

61.     First Orion denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     It is not clear what Paragraph 62 of Plaintiff's Complaint means but First Orion does have employment records regarding Plaintiff and did pay any wages owed to Plaintiff via

---

[2] First Orion also reserves its right to assert that these communications and the Separation Agreement itself are considered statements made in compromise negotiations or offers to compromise and not admissible pursuant to Arkansas Rule of Evidence 408.

direct deposit. First Orion denies any remaining allegations of Paragraph 62 of Plaintiff's Complaint.

63.     First Orion admits its records show Plaintiff was 62 years old at the time First Orion terminated him and denies the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     First Orion denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     First Orion denies that any commissions are due and owing to Plaintiff at this time as commissions are reconciled each month and denies any remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     First Orion denies that any commissions are due and owing to Plaintiff at this time as commissions are reconciled each month and denies any remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     First Orion is without sufficient information to admit or deny why Plaintiff retained counsel but denies the allegations against First Orion contained in Paragraph 67 of Plaintiff's Complaint.

68.     First Orion states that Exhibit B speaks for itself but states that it is not correspondence from Plaintiff's counsel. To the extent there are any allegations against First Orion contained in Paragraph 68 of Plaintiff's Complaint, those allegations are denied.

69.     Plaintiff through his counsel declined the Separation Agreement and wrote that, "Donnie will not sign or agree to the current severance agreement", as stated in Exhibit E to Plaintiff's Complaint. First Orion denies any retaliation and as the agreement was rejected by Plaintiff denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     First Orion restates and realleges the content of Paragraphs 1 through 69 above in response to the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     First Orion denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     First Orion denies Plaintiff is entitled to any judgment in this matter and denies any remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     First Orion restates and realleges the content of Paragraphs 1 through 72 above in response to the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     First Orion admits that Plaintiff executed a non-competition agreement and provided evidence of the execution of this agreement by Plaintiff to Plaintiff and his counsel. First Orion denies any wrongdoing in connection with the agreement and denies any remaining allegations contained in Paragraph 74 of Plaintiff's Complaint

75.     First Orion denies that the execution of any agreement was fraudulently induced and affirmatively states that Plaintiff's Complaint is deficient in its allegations of fraud as required by Arkansas Rule of Civil Procedure 9(b) and should be dismissed. First Orion denies any remaining allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     First Orion denies that Plaintiff is entitled to a declaratory judgment voiding the non-competition agreement and affirmatively states that Plaintiff's Complaint is deficient in its allegations of fraud as required by Arkansas Rule of Civil Procedure 9(b) and should be dismissed. First Orion denies any remaining allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     First Orion restates and realleges the content of Paragraphs 1 through 76 above in response to the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     First Orion denies that Plaintiff is entitled to a declaratory judgment declaring the non-competition agreement unenforceable and affirmatively states that the non-competition agreement complies with Arkansas Code Annotated § 4-75-101 and is enforceable under Arkansas law. First Orion denies any remaining allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     First Orion restates and realleges the content of Paragraphs 1 through 78 above in response to the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     First Orion admits Plaintiff was employed by it and that Plaintiff was terminated. First Orion affirmatively states that Plaintiff rejected an offer to remain working during a three-week transition period. First Orion denies any remaining allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     First Orion denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     First Orion denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     First Orion denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     First Orion denies the WHEREFORE paragraph contained in Plaintiff's Complaint and denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.

85.     First Orion denies each and every allegation not specifically admitted herein.

86.     First Orion reserves the right to amend its pleadings and to file a motion to dismiss.

87.     First Orion affirmatively pleads all defenses available to it under Rule 12 of the Arkansas Rules of Civil Procedure, including, but not limited to, failure to state facts upon which relief can be granted, insufficiency of process, and insufficiency of service of process.

88.     First Orion affirmatively states that to the extent Plaintiff is claiming age discrimination or discrimination pursuant to any other protected class, any allegations brought under applicable federal employment discrimination statutes Plaintiff has failed to exhaust his administrative remedies and his claims for relief are barred due to lack of jurisdiction over the subject matter pursuant to Arkansas Rule of Civil Procedure 12(b)(1).

89.     First Orion's actions with respect to Plaintiff were based on legitimate reasons and were carried out in the good faith exercise of First Orion's reasonable business judgment.

90.     First Orion based all decisions with respect to Plaintiff on legally permissible factors.

91.     First Orion pleads the affirmative defense of failure to mitigate any alleged damages and, therefore, Plaintiff's Complaint is barred.

92.     In order to preserve its affirmative defenses under Arkansas Rule of Civil Procedure 8(c) pending completion of discovery, First Orion affirmatively pleads all defenses available to it under Rule 8(c) of the Arkansas Rules of Civil Procedure, including, but not limited to, accord and satisfaction, comparative fault, estoppel, failure of consideration, laches, payment, set-off, and waiver.

93.     First Orion affirmatively pleads Plaintiff has failed to state the alleged circumstances constituting fraud or fraudulent inducement with particularity as required by Arkansas Rule of Civil Procedure Rule 9(b) and therefore such allegations should be dismissed.

94.     First Orion affirmatively pleads that Plaintiff's Complaint fails to state a claim for injunctive relief or declaratory judgment and, therefore, any claim for injunctive relief or a declaratory judgment should be dismissed.

95.     First Orion states that Plaintiff's damages, if any, were caused by Plaintiff's own conduct or by the conduct of other persons or entities over whom/which First Orion had no control and for whose conduct First Orion is not liable.

96.     First Orion demands a jury trial of this matter.

WHEREFORE, Defendant First Orion, Inc. respectfully requests that Plaintiff's Complaint be dismissed and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

/s/ Mary E. Buckley
Cynthia W. Kolb (ABN 2000156)
Mary E. Buckley (ABN 2015215)
**CROSS, GUNTER, WITHERSPOON &
   GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Post Office Box 3178 (72203)
Little Rock, Arkansas 72201
Telephone:     (501) 371-9999
Facsimile:     (501) 371-0035
E-mail: ckolb@cgwg.com
          mbuckley@cgwg.com

*Attorneys for First Orion, Inc.*

**CERTIFICATE OF SERVICE**

I, Mary E. Buckley, hereby certify that on August 26, 2022, the above was filed electronically with the Clerk of the Court, which shall send notice to all counsel of record:

Patrick R. James
James, House, Swann & Downing, P.A.
801 West Third Street
P.O. Box 3585
Little Rock, AR 72203
E-mail: pjames@jamesandhouse.com

_/s/ Mary E. Buckley_____
Mary E. Buckley