IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONNIE GATES**                                                                                           **PLAINTIFF**

**v.**                             **Case No. 4:23-cv-00695-LPR**

**FIRST ORION CORP.**                                                                              **DEFENDANT**

## ANSWER TO AMENDED COMPLAINT

Defendant, First Orion Corp. ("First Orion"), by and through its attorneys, Cross, Gunter, Witherspoon & Galchus, P.C., and for its Answer to Plaintiff's Amended Complaint, states:

### I.   INTRODUCTION

1.   Plaintiff's statements concerning the nature of the case are conclusions of law for which no affirmative response is required. To the extent a response is required, First Orion denies the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.   Plaintiff's statements concerning the nature of the Amended Complaint are statements and/or conclusions related to bringing a cause of action under the ADEA, to which no affirmative response is required. To the extent a response is required, First Orion denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

### II.   PARTIES

3.   First Orion admits that, according to its most recent records, Plaintiff is a resident of Lonoke County, Arkansas. First Orion denies any remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4. First Orion admits it is a foreign corporation registered in Arkansas with its principal place of business located in Pulaski County, Arkansas. First Orion denies any remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

## III.  JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Amended Complaint contains legal conclusions to which no answer is required.

6. Paragraph 6 of Plaintiff's Amended Complaint contains legal conclusions to which no answer is required.

7. Paragraph 7 of Plaintiff's Amended Complaint contains legal conclusions to which no answer is required.

8. Paragraph 8 of Plaintiff's Amended Complaint states conclusions of law with respect to jurisdiction for which no affirmative response is required. First Orion denies that Plaintiff is entitled to recover any damages.

9. Paragraph 9 of Plaintiff's Amended Complaint states conclusions of law with respect to jurisdiction for which no affirmative response is required. First Orion denies that Plaintiff is entitled to recover any damages.

10. First Orion admits Plaintiff purports to seek damages in excessive of the required for diversity jurisdiction but denies that Plaintiff is entitled to recover any damages. First Orion denies any remaining allegations in Paragraph 10 of Plaintiff's Amended Complaint.

## IV.  FACTUAL ALLEGATIONS

11. First Orion admits that, at or near the time of hiring, Plaintiff was presented with an agreement entitled: Proprietary Information and Inventions Agreement **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION**

**AGREEMENT** which Plaintiff signed on June 15, 2019. First Orion denies any other allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. First Orion admits that it employed 50 or more employees who had 20 or more work weeks in 2021. First Orion denies any remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. First Orion admits that it employed 50 or more employees who had 20 or more work weeks in 2022. First Orion denies any remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. First Orion admits that it employed 50 or more employees within 75 miles of the location where Plaintiff primarily performed his duties for First Orion but denies that this is relevant to any of the allegations in Plaintiff's Amended Complaint and denies any remaining allegations contained in Paragraph 14 of Plaintiff's Amended Complaint. First Orion objects to these allegations as being immaterial and impertinent to any issue properly before the Court, and as such should be struck pursuant to Fed. R. Civ. P. 12(f).

15. First Orion denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint as Plaintiff became employed by First Orion effective June 17, 2019.

16. First Orion admits that, according to its records, Plaintiff was 59 years old when he was hired by First Orion on June 17, 2019. First Orion is without sufficient information to admit or deny the remaining allegations in Paragraph 16 of Plaintiff's Amended Complaint and therefore denies same.

17. Plaintiff electronically signed <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT** on June 15, 2019 which, as noted in its title, contains non-

competition provisions. Tracking and an audit report of this signature has been provided to Plaintiff and his counsel prior to the filing of this Amended Complaint. First Orion denies any other allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     First Orion is without sufficient information to admit or deny whether Plaintiff has a recollection of signing any non-competition agreement and therefore denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint. Further, tracking and an audit report of Plaintiff's signature on this document has been provided to Plaintiff and his counsel prior to the filing of this Amended Complaint.

19.     First Orion agrees with Plaintiff's statement in Paragraph 19 that he did sign an agreement entitled <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT.** First Orion denies any remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.     First Orion denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint. Plaintiff signed an agreement that was entitled on the top of the first page: <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT.**

21.     First Orion denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and denies making any false representations and denies fraudulently inducing Plaintiff to sign this or any other agreement. Further, Plaintiff includes no facts in his Amended Complaint supporting an allegation of fraudulent inducement with sufficient particularity.

22.     First Orion denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. First Orion denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. First Orion admits the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. First Orion admits the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. First Orion admits it paid Plaintiff a base salary twice per month and commission monthly. First Orion denies any remaining allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27. First Orion admits that the Compensation Incentive Plan may be revised annually and states that the Compensation Incentive Plan applicable to Plaintiff was the same for 2021 and 2022 and calculated commission based on both estimated contract value and actual amount paid by the customer with reconciliation of commissions occurring monthly. First Orion denies any remaining allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. First Orion denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. First Orion admits that Plaintiff was a successful salesperson for First Orion and denies any remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. First Orion admits that Plaintiff was a successful salesperson for First Orion and denies any remaining allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. First Orion denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint as Plaintiff had to be disciplined for his workplace behavior which eventually led to his termination.

32. First Orion admits that Plaintiff was a successful salesperson for First Orion and denies any remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. First Orion denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. First Orion employed persons younger and older than Plaintiff in 2021 and 2022 and denies any remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 35 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

36. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 36 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

37. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 37 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

38. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 38 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

39. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 39 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

40. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 40 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

41. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 41 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

42. First Orion is without sufficient information to admit or deny any allegations contained in Paragraph 42 of Plaintiff's Amended Complaint as this paragraph was redacted in the copy served on First Orion and therefore denies same.

43. First Orion admits that Plaintiff was removed from a supervisory role in October 2021 due to his workplace behavior at that time and at other times during his employment with First Orion but denies any wrongdoing and any remaining allegations in Paragraph 43 of Plaintiff's Amended Complaint.

44. First Orion denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. First Orion denies any allegations of wrongdoing contained in Paragraph 45 and affirmatively states that the CEO of First Orion is not a comparator of Plaintiff.

46. First Orion admits that Plaintiff received certain stock options in connection with his employment as stated in Paragraph 46 of Plaintiff's Amended Complaint. First Orion objects to these allegations as being immaterial and impertinent to any issue properly before the Court, and as such should be struck pursuant to Fed. R. Civ. P. 12(f).

47. First Orion admits that Plaintiff's stock options were partially vested and a portion of the Plaintiff's stock options were to fully vest on or about June 17, 2022, and that Plaintiff was

extended the opportunity to remain employed through such date so his stock options would fully vest, and Plaintiff declined that offer. First Orion denies any remaining allegations contained in Paragraph 47 of Plaintiff's Amended Complaint. First Orion objects to these allegations as being immaterial and impertinent to any issue properly before the Court, and as such should be struck pursuant to Fed. R. Civ. P. 12(f).

48. First Orion admits Plaintiff, who was an at-will employee, was terminated on June 2, 2022, but denies any wrongdoing related to this termination and denies any remaining allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49. First Orion admits that Plaintiff was a successful salesperson but denies that Plaintiff had no employment issues at the time of his termination and denies any remaining allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50. First Orion denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51. First Orion admits it requested that Plaintiff meet with its Chief Legal Officer and head of Human Resources so that he could be offered a continued period of employment and a generous severance but denies that this was required and denies any remaining allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52. First Orion offered Plaintiff a continued period of employment and a generous severance in consideration for signing a Separation Agreement and Release of Claims but denies that it demanded Plaintiff execute anything and it was Plaintiff's choice to reject the Separation Agreement and Release, which he did, and denies any remaining allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. First Orion states that the Separation Agreement and Release of Claims speaks for itself and denies that it was "one-sided" with "adhesive provisions" and denies any remaining allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, including all subparts thereof.

54. First Orion denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. First Orion denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. First Orion states that Exhibit B speaks for itself and denies any implication of wrongdoing by First Orion and denies any remaining allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57. First Orion states that Exhibits C and D speak for themselves and that there was no wrongful effort to induce Plaintiff to sign the Separation Agreement beyond responding to Plaintiff's questions and demands and denies any remaining allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58. First Orion admits it provided a copy of the <u>Proprietary Information and Inventions Agreement</u> **FIRST ORION CORP. EMPLOYEE CONFIDENTIALITY, INVENTIONS AND NON-COMPETITION AGREEMENT** that Plaintiff signed at the time of his hiring and reminded Plaintiff of his obligations under that agreement but denies any wrongdoing and any remaining allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59. First Orion states that Exhibit E speaks for itself. To the extent there are any allegations against First Orion contained in Paragraph 59 of Plaintiff's Amended Complaint, those allegations are denied.

60. First Orion states that Exhibit F speaks for itself. To the extent there are any allegations against First Orion contained in Paragraph 60 of Plaintiff's Amended Complaint, those allegations are denied.[1]

61. First Orion denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62. First Orion denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. First Orion denies that it failed to pay any wages due to Plaintiff. First Orion denies any remaining allegations contained in Paragraph 63 of Plaintiff's Amended Complaint

64. First Orion denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. It is not clear what Paragraph 65 of Plaintiff's Amended Complaint means but First Orion does have employment records regarding Plaintiff and did pay any wages owed to Plaintiff via direct deposit and/or by check. First Orion denies any remaining allegations of Paragraph 65 of Plaintiff's Amended Complaint.

66. First Orion admits its records show Plaintiff was 62 years old at the time First Orion terminated him and denies the remaining allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. First Orion denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

---

[1] First Orion also reserves its right to assert that these communications and the Separation Agreement itself are considered statements made in compromise negotiations or offers to compromise and not admissible pursuant to Federal Rule of Evidence 408.

68. First Orion denies the allegations in Paragraph 68 of Plaintiff's Amended Complaint. First Orion has paid Plaintiff all amounts owed on commissions.

69. First Orion denies that any commissions are due and owing to Plaintiff. First Orion denies any remaining allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. First Orion is without sufficient information to admit or deny why Plaintiff retained counsel but denies the allegations against First Orion contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. First Orion states that Exhibit B speaks for itself but states that it is not correspondence from Plaintiff's counsel. To the extent there are any allegations against First Orion contained in Paragraph 71 of Plaintiff's Amended Complaint, those allegations are denied.

72. Plaintiff through his counsel declined the Separation Agreement and wrote that, "Donnie will not sign or agree to the current severance agreement", as stated in Exhibit E to Plaintiff's Complaint. First Orion denies any retaliation and, as the agreement was rejected by Plaintiff, denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73. First Orion admits Plaintiff has filed his ADEA claim within 90 days of receiving his right to sue letter from the EEOC. First Orion denies any wrongdoing. First Orion denies any remaining allegations in Paragraph 73 of Plaintiff's Amended Complaint.

74. First Orion denies the allegations in Paragraph 74 of Plaintiff's Amended Complaint.

75. First Orion denies the allegations in Paragraph 75 of Plaintiff's Amended Complaint.

76. First Orion is not clear what "in parallel with the instant case" is intended to mean as the EEOC Charge was filed after this lawsuit was initiated. First Orion admits Plaintiff filed a

charge of discrimination with the EEOC for purported violations of the ADEA. First Orion denies any wrongdoing. First Orion denies any remaining allegations in Paragraph 76 of Plaintiff's Amended Complaint.

77. First Orion states that Exhibit G speaks for itself. To the extent there are any allegations against First Orion contained in Paragraph 77 of Plaintiff's Amended Complaint, those allegations are denied.

78. First Orion restates and realleges the content of Paragraphs 1 through 77 above in response to the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79. First Orion denies the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

80. First Orion denies Plaintiff is entitled to any judgment in this matter and denies any remaining allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. First Orion restates and realleges the content of Paragraphs 1 through 80 above in response to the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82. First Orion admits that Plaintiff executed a non-competition agreement and provided evidence of the execution of this agreement by Plaintiff to Plaintiff and his counsel. First Orion denies any wrongdoing in connection with the agreement and denies any remaining allegations contained in Paragraph 82 of Plaintiff's Amended Complaint

83. First Orion denies that the execution of any agreement was fraudulently induced and affirmatively states that Plaintiff's Complaint is deficient in its allegations of fraud as required by Federal Rule of Civil Procedure 9(b) and should be dismissed. First Orion denies any remaining allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

84. First Orion denies that Plaintiff is entitled to a declaratory judgment voiding the non-competition agreement and affirmatively states that Plaintiff's Complaint is deficient in its allegations of fraud as required by Federal Rule of Civil Procedure 9(b) and should be dismissed. First Orion denies any remaining allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85. First Orion restates and realleges the content of Paragraphs 1 through 84 above in response to the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

86. First Orion denies that Plaintiff is entitled to a declaratory judgment declaring the non-competition agreement unenforceable and affirmatively states that the non-competition agreement complies with Arkansas Code Annotated § 4-75-101 and is enforceable under Arkansas law. First Orion denies any remaining allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

87. First Orion restates and realleges the content of Paragraphs 1 through 86 above in response to the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint.

88. First Orion admits Plaintiff was employed by it and that Plaintiff was terminated. First Orion affirmatively states that Plaintiff rejected an offer to remain working during a three-week transition period. First Orion denies any remaining allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89. First Orion denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90. First Orion denies the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

91. First Orion denies the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92. First Orion restates and realleges the content of Paragraphs 1 through 91 above in response to the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93. First Orion admits it employed Plaintiff and is an employer within the meaning of the ADEA.

94. First Orion admits it employed Plaintiff and Plaintiff was an employee within the meaning of the ADEA.

95. Paragraph 95 of Plaintiff's Amended Complaint contains Plaintiff's opinion and/or his conclusions of the ADEA, and is not a proper assertion of fact, requiring no response. To the extent the allegation is intended to suggest fault on the part of First Orion, it is denied.

96. First Orion denies the allegations in Paragraph 96 of Plaintiff's Amended Complaint.

97. Exhibit C speaks for itself but has no relevance to the allegations in Paragraph 97 of Plaintiff's Amended Complaint. To the extent Plaintiff relies on Exhibit C to pursue his ADEA claims, it is denied.

98. First Orion restates and realleges the content of Paragraphs 1 through 97 above in response to the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint.

99. First Orion denies the allegations in Paragraph 99 of Plaintiff's Amended Complaint. First Orion denies terminating Plaintiff for any prohibited or illegal reason.

100. First Orion denies the WHEREFORE paragraph contained in Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.

101. First Orion denies each and every allegation not specifically admitted herein.

102. First Orion reserves the right to amend its pleadings and to file a motion to dismiss.

103. First Orion affirmatively pleads all defenses available to it under Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, failure to state facts upon which relief can be granted.

104. First Orion's actions with respect to Plaintiff were based on legitimate reasons and were carried out in the good faith exercise of First Orion's reasonable business judgment.

105. First Orion based all decisions with respect to Plaintiff on legally permissible factors.

106. First Orion pleads the affirmative defense of failure to mitigate any alleged damages and, therefore, Plaintiff's Complaint is barred.

107. In order to preserve its affirmative defenses under Federal Rule of Civil Procedure 8(c) pending completion of discovery, First Orion affirmatively pleads all defenses available to it under Rule 8(c) of the Federal Rules of Civil Procedure, including, but not limited to, comparative fault, laches, payment, set-off, and waiver.

108. First Orion affirmatively pleads Plaintiff has failed to state the alleged circumstances constituting fraud or fraudulent inducement with particularity as required by Federal Rule of Civil Procedure Rule 9(b) and therefore such allegations should be dismissed.

109. First Orion affirmatively pleads that Plaintiff's Complaint fails to state a claim for injunctive relief or declaratory judgment and, therefore, any claim for injunctive relief or a declaratory judgment should be dismissed.

110. First Orion states that Plaintiff's damages, if any, were caused by Plaintiff's own conduct or by the conduct of other persons or entities over whom/which First Orion had no control and for whose conduct First Orion is not liable.

111. First Orion demands a jury trial of this matter.

112. First Orion affirmatively states that the Amended Complaint lacks merit because First Orion acted in good faith, upon proper occasion, and with proper motive. First Orion's conduct with respect to Plaintiff was based on legitimate, non-discriminatory business reasons, was not based on any discriminatory animus, and was not in violation of any statute, law, rule, regulation, or ordinance.

113. Plaintiff's claims are barred because the employment decisions about which he complains were made on the basis of reasonable factors wholly unconnected with age, or any other protected status.

114. First Orion affirmatively states that it did not treat Plaintiff differently from any similarly situated employees.

115. No action taken with respect to Plaintiff was unlawful, willful, malicious, or with reckless indifference as a matter of law.

116. While First Orion expressly denies that any of its employees, officers or agents acted in any manner that would violate the law, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment or agency of such employee, officer or agent and without the consent of First Orion. Further, First Orion did not authorize, condone, ratify, or tolerate such violation and, such conduct may not be attributed to First Orion through principles of agency, respondeat superior, or otherwise.

117. To the extent that Plaintiff's claims asserted in his Amended Complaint were not alleged in a relevant, valid, and timely filed Charge of Discrimination with the EEOC, such claims are barred based on Plaintiff's failure to exhaust his administrative remedies.

118. To the extent that Plaintiff's claims asserted in his Amended Complaint occurred prior to May 8, 2022 (180 days prior to filing EEOC charge), such claims are time barred based on Plaintiff's failure to exhaust his administrative remedies, and/or otherwise barred by applicable statute of limitations for such claims.

119. Plaintiff's Amended Complaint, and each claim purported therein, is barred, in whole or in part, because First Orion exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or harassing behavior.

WHEREFORE, Defendant First Orion prays for judgment that the Plaintiff take nothing against First Orion by his suit, that the Court deny the Plaintiff's request for relief, that the Court strike allegations in the Plaintiff's Amended Complaint immaterial or impertinent to the trier of fact, and for all other equitable and legal remedies and relief to which First Orion may be entitled.

Respectfully submitted,

Cynthia W. Kolb (ABN 2000156)
Mary E. Buckley (ABN 2015215)
**CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Post Office Box 3178 (72203)
Little Rock, Arkansas 72201
Telephone:   (501) 371-9999
Facsimile:    (501) 371-0035
E-mail:  ckolb@cgwg.com
             mbuckley@cgwg.com

***ATTORNEYS FOR FIRST ORION CORP.***