**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DONNIE GATES**                                                                                                               **PLAINTIFF**

**v.**                         Case No. 4:23-cv-00695-LPR

**FIRST ORION CORP.**                                                                  **DEFENDANT**

**PROTECTIVE ORDER**

On this, the 13th day of November, 2023, the Court reviewed the stipulation and agreement for a Protective Order, and makes the following Orders. The following governs discovery in this matter (i.e., produced documents, answered interrogatories, deposition testimony, and deposition exhibits):

1. Confidential Information, as later defined herein, that is obtained by one party from the other in this action, shall be used by the party receiving such Confidential Information only for the purpose of this specific litigation (Case No. **4:23-cv-00695-LPR**) and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined or without leave of the Court. Notwithstanding the foregoing, or anything else in this Protective Order, nothing in this Protective Order automatically entitles a party to a sealed courtroom or transcript during any part of the trial.

2. Confidential Information shall include any document(s) containing confidential personal information, such as social security numbers, contact information, and dates of birth; documents relating to the operation and organization of First Orion Corp. (First Orion), or Donnie Gates (Gates), that may be sensitive; and payroll, customer/client information and financial

information, personnel files, or other personnel information of current or former employees of First Orion, financial information, and information on others who are not parties to this litigation. Notwithstanding the foregoing, Confidential Information shall not include information that is publicly known or publicly available prior to being disclosed, furnished, or submitted in this litigation. Counsel shall not use the confidentiality designation except where counsel has a good faith belief that the documentation/information meets the criteria of this Paragraph 2 and is consistent with the intent of this Order. For example, and without limitation, counsel shall not use the confidential designation for tactical purposes, or otherwise to gain advantage in this litigation or to conceal or encumber non-sensitive information.

3. Any Confidential Information such as set forth in Paragraph 2 herein as may be, from time to time, produced by either party herein must be declared by that party at the time of production to be "Confidential Information." To designate a document as one containing confidential information, the producing party must conspicuously mark the document's front page and/or bates stamp the document with the word "confidential" or "Confidential Information," or may be designated as confidential by bates number, and if not otherwise provided in the response or via the document, should provide the recipient with sufficient information to identify the confidential documents being produced. No person shall have any liability for disclosure, view, use or dissemination of any document or information in violation of this Protective Order unless prior to disclosure, view, use and/or dissemination complained of, the document or information was designated "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party. No marking shall cover up any substance within the document.

4. To designate an interrogatory answer as confidential, the answering party should insert the word "confidential" in brackets at the beginning of each answer claimed to contain

confidential information. The designation of an answer to an interrogatory as confidential can be made after the responding party has otherwise provided the response to the interrogatory, by designating it as "confidential" as described in Paragraph 4.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and/or is subject to the provisions of this Order. Any party may also designate deposition testimony as confidential. Parties should designate parts of a deposition as confidential by notifying all parties in writing not later than 30 days after receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter.

6. Nothing contained in this Order shall preclude any party from: (i) designating that party's own information as Confidential Information; (ii) using that party's own Confidential Information in the regular course of its business; or (iii) revealing that party's own Confidential Information to whomever it chooses. However, this Paragraph shall not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential Information; (ii) use the opposing party's Confidential Information in the regular course of business; or (iii) reveal the opposing party's Confidential Information to anyone, except as set forth herein.

7. In the event that counsel for any signatory to this Order at any time believes that Confidential Information should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within 10 business days of such notification in an effort to resolve the matter by agreement.

If agreement is not reached within 10 business days, the party claiming confidentiality shall have the burden of moving, upon proper notice, within 10 business days to obtain an appropriate order. In the event that such a motion is made, any disputed Discovery Material shall remain subject to and protected by this Order until further order of the Court on the motion. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.

8. Confidential information may not, without the written consent of the disclosing party or a court or administrative tribunal order, be given, shown, made available, or communicated to anyone except the following "Qualified Persons":

A. Anyone to whom the parties agree in writing or the Court or administrative tribunal orders;

B. The party, if a natural person;

C. If the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have signed the attached Exhibit 1, thereby agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person).

D. The parties' current or future lawyers, counsel's employees, expert witnesses, or agents who are assisting counsel in connection with this case;

E. Any court or administrative tribunal and its staff (including court reporters and recorders engaged for depositions);

      F.      Lay witnesses at trial or deposition and to whom disclosure is reasonably necessary;

      G.      The original author or recipient of the document; and

      H.      The jury.

9. Experts to whom the parties' counsel provides confidential information shall, prior to receipt, read a copy of this Order and execute an undertaking in the form attached as Exhibit 1, affirming that the recipient (a) has read this Protective Order and understands its terms, (b) agrees to abide by and to be bound by the terms of same; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Protective Order. Counsel shall retain such undertaking until such time as this litigation, including all appeals, is concluded.

10. When giving confidential information to anyone (other than a court, administrative tribunal, jury, or its staff, counsel of record or their employees) the disclosing party must provide the recipient with a copy of this order.

11. Production of documents or information containing confidential information that a party failed to designate as Confidential Information shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Documents produced without designation as confidential later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

12. If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

13. The parties may seek modification of this Order only after doing their good faith best efforts to agree on changes. A motion seeking modification of this Order must state whether the parties agree to the requested changes.

14. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through the conclusion of this litigation, and for one year after the conclusion of the litigation, including all appeals.

15. If this matter is appealed to the Eighth Circuit or United States Supreme Court, and a party intends to file a motion or response to a motion with the Court containing exhibits marked by a party as confidential in this proceeding, subject to Orders of the Court, the pleading must be filed under seal if redactions under Fed. R. Civ. P. 5.2 are impractical. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. If the case is appealed, the parties will seek a Protective Order consistent with the terms of this Order, or as dictated by the Eighth Circuit or United States Supreme Court.

16. The parties will comply with Fed. R. Civ. P. 5.2 as it relates to redaction. If redaction is impractical, then Confidential Information may be filed with the Court and filed under seal subject to Orders of the Court. Only the Court, Court's personnel, Parties, and their counsel, if any, shall have access to the sealed record in this proceeding until further Order of the Court.

17. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

18. This Protective Order does not address any other appropriate discovery objections or constitute a waiver of any objections to discovery, does not require the production of any discovery, and does not preclude any party from challenging those objections or moving for relief under the applicable rules of procedure or evidence., except on the basis of confidentiality.

19. This Protective Order does not address any objections to admission of evidence at trial or other pretrial proceedings.

IT IS SO ORDERED this 13th day of November, 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED:

Cynthia W. Kolb, Ark. Bar No. 2000156
Mary E. Buckley, Ark. Bar No. 2015215
**ROSE LAW FIRM,**
**A Professional Association**
TEL: (501) 377-0438 / FAX: (501) 375-1309
120 E. Fourth Street
Little Rock, AR 72201
E-mail: ckolb@roselawfirm.com
          mbuckley@roselawfirm.com

COUNSEL FOR FIRST ORION CORP.

**-And-**

Patrick R. James, Ark. Bar No. 82084
William JW James, Ark. Bar No. 20049
**JAMES, HOUSE, SWANN & DOWNING, P.A.**
801 West Third Street
P.O. Box 3585
Little Rock, AR 72203
E-mail: pjames@jamesandhouse.com
　　　　 wjames@jamesandhouse.com

COUNSEL FOR DONNIE GATES

**EXHIBIT 1**

**UNDERTAKING REGARDING CONFIDENTIALITY**

The undersigned individual hereby certifies that he/she has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information in the course of the above-captioned litigation.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date:_____        Name._____